UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PORTLAND TUGBOAT, LLC; and<br>McALLISTER TOWING AND<br>TRANSPORTATION COMPANY, INC.,<br><br>        Plaintiff,<br>v.<br><br>ARTHUR J. FOURNIER, individually<br>and as Trustee of the NIX'S MATE<br>EQUIPMENT TRUST; TUG STAMFORD<br>INC.; TIDEWATER SERVICES, INC.;<br>LOVETTS FIELD MARINE, INC.,<br><br>        Defendants. | CIVIL ACTION NO. 2:09-cv-00338-GZS |

**CONSENT PERMANENT INJUNCTION
AND ORDER REGARDING FINAL DISPOSITION OF CASE**

WHEREAS, this matter came before the Court on the Complaint with Request for Injunctive Relief filed by Plaintiffs Portland Tugboat, LLC ("Portland Tugboat") and McAllister Towing and Transportation Company, Inc. ("McAllister") against Defendants Arthur J. Fournier, Tug Stamford, Inc., Tidewater Services, Inc., Lovetts Field Marine, Inc., and Nix's Mate Equipment Trust; and

WHEREAS, by this action, Plaintiffs, seek, among other things, to enjoin Defendants from violating the Lanham Act, 15 U.S.C. §§ 1121 et seq., the Maine Deceptive Trade Practices Act, 10 M.R.S.A. § 1211 et seq., Maine trademark law, 10 M.R.S.A. §1530, and the Asset Purchase Agreement entered into by and between McAllister and Defendants, by use of the name "Portland Tugboat"; and

WHEREAS, Defendants deny Plaintiffs' allegations and, by agreeing to the entry of this Order, are not admitting the facts and/or liability alleged in the Complaint or contemporaneous Motion and expressly deny committing any wrongful conduct;

WHEREAS, the parties previously have consented to entry of a Consent Temporary Restraining Order, and subsequently to entry of a Consent Preliminary Injunction; and

WHEREAS, the Court entered a Temporary Restraining Order in this matter on August 5, 2009; and

WHEREAS, the Court entered a Preliminary Injunction in this matter August 19, 2009; and

WHEREAS, the parties now have represented to the Court that they consent to the entry of this Consent Permanent Injunction against Defendants under the terms set forth below; and

WHEREAS, the parties have further represented to the Court they have negotiated a compromise payment in the amount of Fifteen Thousand Dollars ($15,000.00) by Defendants to Plaintiffs representing attorney's fees and costs incurred by Plaintiffs in this matter; and

WHEREAS, the Court finds that good cause exists for entry of the Consent Permanent Injunction and Order Regarding Disposition of Case;

THEREFORE, the Court, upon agreement of the parties, hereby ORDERS AND DECREES as follows:

### GRANT OF CONSENT PERMANENT INJUNCTION

IT IS HEREBY ORDERED THAT:

(a) Defendants, and any agents, employees, representatives, or others acting on their behalf, are ENJOINED from using in any way the name "Portland Tugboat and Ship Docking Company" or "Portland Tugboat" or any other mark or name that is confusingly similar to the trade name and mark "Portland Tugboat," including, but not limited to, the email address "portlandtug@gmail.com" or any other confusingly similar email address;

(b) Defendants, and any agents, employees, representatives, or others acting on their behalf, are ENJOINED from advertising, marketing, sending out correspondence or other communications, or soliciting customers or business, under or using the name "Portland Tugboat and Ship Docking Company" or "Portland Tugboat" in

connection with ship docking and/or towing services in Portland Harbor or elsewhere in the state of Maine; and

(c) Defendants, and any agents, employees, representatives, or others acting on their behalf, are ENJOINED from purchasing supplies and equipment through "Portland Tugboat and Ship Docking Company's" or "Portland Tugboat's" accounts with vendors, charging amounts to "Portland Tugboat and Ship Docking Company's" or "Portland Tugboat's" accounts, or incurring debts or liabilities on behalf of "Portland Tugboat and Ship Docking Company's" or "Portland Tugboat's" with any vendors.

IT IS FURTHER ORDERED that this relief be issued without the requirement of the posting of a bond by Plaintiffs.

IT IS FURTHER ORDERED that this Permanent Injunction remain in effect until such time as Portland Tugboat and McAllister cease to do business in Portland, Maine, under the name "Portland Tugboat."

IT IS FURTHER ORDERED that Defendants shall pay to Plaintiff Portland Tugboat, LLC, the amount of Fifteen Thousand Dollars ($15,000.00) within ten days of the entry of this Permanent Injunction and Order Regarding Disposition of Case.

IT IS FURTHER ORDERED that upon payment by Defendants to Plaintiff Portland Tugboat, LLC, of the amount set forth above, the parties shall file a stipulation of dismissal with prejudice and without assessment of costs except as set forth in this Permanent Injunction and Order Regarding Final Disposition of Case.

IT IS FURTHER ORDERED that, notwithstanding the filing of the parties' stipulation of dismissal, the Court shall retain jurisdiction over this matter to the extent necessary to enforce the terms of this Permanent Injunction and Order Regarding Final Disposition of Case.

IT IS FURTHER ORDERED that, notwithstanding the filing of the parties' stipulation of dismissal, in the event Plaintiffs discover that Defendants, or any agents, employees, representatives, or others acting on their behalf, prior to the date of this Permanent Injunction

and Order Regarding Final Disposition of Case, purchased supplies and equipment through Portland Tugboat's accounts with vendors, charged amounts to Portland Tugboat's accounts, or incurred debts or liabilities on behalf of Portland Tugboat with any vendors, counsel for Plaintiffs may bring the matter to the attention of Defendants' counsel for resolution, and the parties shall otherwise reserve all rights, remedies, and defenses with respect to any such conduct.

  IT IS FURTHER ORDERED that the Defendants' pending Motion to Dismiss is hereby dismissed as moot.

  IT IS FURTHER ORDERED that this Permanent Injunction and Order Regarding Disposition of Case shall be deemed served on Defendants upon service on counsel for Defendants via the Court's CM/ECF system.

SO ORDERED.

DATED: October 19, 2009

        /s/ George Z. Singal
        United States District Judge